UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

NICHOLAS LECLAIR and MINORS I.L. and S.L.,

                              Plaintiffs,                  1:19-cv-0028 (BKS/DJS)

v.

JESSICA VINSON, et al.,

                              Defendants.
_____

**Appearances:**

*Plaintiff pro se:*
Nicholas LeClair
Chestertown, New York

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

Plaintiff pro se Nicholas LeClair brought this action, on behalf of himself and minors I.L. and S.L., against defendants on January 7, 2019. (Dkt. Nos. 1, 4). This matter was referred to United States Magistrate Judge Daniel J. Stewart who, on March 21, 2019, issued a Report Recommendation and Order recommending that: (1) Plaintiff's Amended Complaint be dismissed with prejudice as against Defendants Katherine Thompson and Garfield Raymond; (2) Plaintiff's claims against Defendant Vinson be dismissed without prejudice; (3) that insofar as the Amended Complaint seeks to assert claims on behalf of Plaintiff's two infant children, that such claims be dismissed without prejudice; (4) that Plaintiff's first cause of action alleging a due process violation under 42 U.S.C. § 1983 against Defendants S. Raymond, Colon, Lord, Breen, Cahill, Hoerter and Warren County, for alleged interference with the Plaintiff's rights to

custody of his children based upon the use of false, fraudulent, or coerced evidence only, be allowed to proceed, but that the due process claim alleging that the Defendants failed to affirmatively take action to stop the alleged abuse by the grandmother or her son, be dismissed with prejudice; (5) that Plaintiff's second cause of action under § 1983 for intentional infliction of emotional distress be dismissed with prejudice but that his pendent state law claim be dismissed without prejudice; (6) that Plaintiff's third cause of action based upon an alleged abuse of process be dismissed without prejudice; (7) that Plaintiff's fourth cause of action for a violation of the Fourth Amendment be allowed to proceed insofar as it alleges that Defendant S. Raymond illegally entered Plaintiff's apartment, but dismissed without prejudice as to the claim that Plaintiff's children were illegally detained; (8) that the Plaintiff's fifth cause of action be dismissed without prejudice as duplicative of the Plaintiff's first cause of action; and (9) that the Amended Complaint be dismissed without prejudice as to Doe Defendants 1–10. (Dkt. No. 7, at 26–27).

Plaintiff has filed an objection to the Report Recommendation, objecting to Magistrate Judge Stewart's recommendation that his claims against law clerk Garfield Raymond be dismissed with prejudice based on judicial immunity. (Dkt. No. 8). For the reasons set forth below, the Report Recommendation is adopted in its entirety.

**II.    STANDARD**

This court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.*

## III. DISCUSSION

Plaintiff's claims arise out of a contentious child custody dispute before Warren County Family Court Judge Ted Wilson. According to the Amended Complaint, public defender Glenn Liebert was appointed to represent Plaintiff, but Plaintiff was dissatisfied with Liebert's representation. (Dkt. No. 4, ¶¶ 54, 63, 79–80, 98–99, 106, 131, 136, 142, 156–57, 178, 249). Plaintiff asserts that he "officially fired Liebert on June 18, 2018 in an email" to the court and all parties, and began proceeding as a pro se litigant. (*Id.* ¶ 179). Plaintiff subsequently filed a motion to dismiss Liebert. (*Id.* ¶ 180). The Warren County Clerk, however, told Plaintiff that Judge Wilson "would only grant the motion if it was submitted by Glenn Liebert." (*Id.* ¶ 192). Judge Wilson refused to let Plaintiff represent himself pro se. (*Id.* ¶¶ 239, 247).

At some point, Liebert served Plaintiff with a motion to dismiss himself from the case, and Plaintiff drafted a reply, agreeing with Liebert's request for dismissal. (*Id.* ¶¶ 243, 245, 249). On July 10, 2018, Plaintiff attempted to file his reply with the court. (Dkt. 4, at 90). Judge Wilson's law clerk, Garfield Raymond, however, ordered the clerk at the filing window not to accept Plaintiff's document for filing. (Dkt. No. 4, at 90, ¶ 12). The clerk then "threw away the copy of the motion in the trash and whited out the time stamp and then drew an 'X' on the original and returned it to" Plaintiff. (Dkt. No. 4, at 90). According to Plaintiff, his motion seeking his attorney's dismissal was "literally thr[o]w[n] . . . in the trash right infront [sic] of him," and the document was "never allowed on the record by Warren County Family Court." (*Id.*). Later, at a hearing on July 16, 2018, Judge Wilson refused to dismiss Liebert from the case. (Dkt. No. 4, ¶¶ 273–75).

Plaintiff has asserted civil rights claims against law clerk Garfield Raymond under 42 U.S.C. § 1983, alleging, *inter alia*, that Raymond violated Plaintiff's right to due process. (*Id.* at 175–195). Magistrate Judge Stewart recommended that these claims be dismissed with prejudice

3

because judicial immunity extends to the judicial law clerk "who is considered an extension of the judge at whose pleasure he serves." (Dkt. No. 7, at 17).

Plaintiff "objects to Garfield Raymond being given absolute immunity for his conduct on July 10, 2018." (Dkt. No. 8, at 12). Having reviewed this issue *de novo*, the Court agrees with Magistrate Judge Stewart's recommendation. A law clerk "assisting the judge in carrying out judicial functions [is] covered by the doctrine of absolute immunity." *Oliva v. Heller*, 839 F.2d 37, 40 (2d Cir. 1988). While Plaintiff argues that judicial immunity "cannot extend to the independent act by a law clerk of intentionally destroying documents or withholding documents from the judge or jury without the judge's knowledge," there are no such facts alleged here. (Dkt. No. 8, at 3). Raymond is alleged to have rejected a document for filing by a litigant represented by counsel. "A court's inherent power to control its docket is part of its function of resolving disputes between parties," and actions by court staff in furtherance of docket control are part of that judicial function. *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997); *see, e.g.*, *Charles v. O'Garro*, No. 18-cv-0729, 2018 WL 2926307, at *3, 2018 U.S. Dist. LEXIS 97419, at *5–6 (D. Conn. June 11, 2018) (ruling that court clerk who allegedly failed to file documents provided to him on the plaintiff's behalf is entitled to qualified immunity); *Peker v. Steglich*, 324 Fed. App'x 38, 39–40 (2d Cir. 2009) ("folding, filing, and storing" exhibits is "a task that was basic and integral to the judicial function," and the clerk alleged to have done so negligently is protected by judicial immunity). Raymond was assisting the judge in carrying out a judicial function and was therefore covered by absolute immunity. *Oliva*, 839 F.2d at 39–40.[1]

---

[1] The Louisana state case on which Plaintiff relies, *Palowsky v. Campbell*, 249 So. 3d 945 (La. App. 1 Cir. 4/11/18), is not applicable here. Federal law of immunity applies to Plaintiff's claims under 42 U.S.C. § 1983. *Cornejo v. Bell*, 592 F.3d 121, 130 (2d Cir. 2010). Moreover, the Court notes that defendant Raymond's rejection of Plaintiff's document for filing is not analogous to the intentional concealment or destruction of court records alleged in *Palowsky*. *See Palowsky*, 249 So. 3d at 958 (finding that the plaintiff "has stated a cause of action against [the law clerk] insofar

4

The Court has reviewed the remainder of Magistrate Judge Stewart's thorough Report Recommendation for clear error and found none. Accordingly, the Court adopts the Report Recommendation in its entirety for the reasons stated therein.

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Stewart's Report Recommendation (Dkt. No. 7) is **ADOPTED** in all respects; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 4) is **DISMISSED WITH PREJUDICE** as against Defendants Katherine Thompson and Garfield Raymond; and it is further

**ORDERED** that Plaintiff's claims against Defendant Vinson are **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that insofar as the pro se Amended Complaint seeks to assert claims on behalf of his two infant children, that such claims are **DISMISSED WITHOUT PREJUDICE**, and shall not be repled until the minors are properly represented by counsel; and it is further

**ORDERED** that Plaintiff's first cause of action alleging a Due Process violation under 42 U.S.C. § 1983 against Defendants S. Raymond, Colon, Lord, Breen, Cahill, Hoerter and Warren County, for alleged interference with the Plaintiff's rights to custody of his children based upon the use of false, fraudulent, or coerced evidence only, are allowed to proceed, but that the due process claim alleging that the Defendants failed to affirmatively take action to stop

---

as he has asserted the intentional concealment or destruction of documents from the court outside of any directive from a judge").

the alleged abuse by the grandmother or her son, is **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** Plaintiff's § 1983 claim in his second cause of action, for intentional infliction of emotional distress, is **DISMISSED WITH PREJUDICE** but with leave to replead it as a pendent state law claim; and it is further

**ORDERED** that Plaintiff's third cause of action based upon an alleged abuse of process is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff's fourth cause of action for a violation of the Fourth Amendment is allowed to proceed insofar as it alleges that Defendant S. Raymond illegally entered Plaintiff's apartment, but is **DISMISSED WITHOUT PREJUDICE** as to the claim that Plaintiff's children were illegally detained, which claim can only be asserted by the children once they are properly represented; and it is further

**ORDERED** that the Plaintiff's fifth cause of action is **DISMISSED WITHOUT PREJUDICE** as duplicative of the Plaintiff's first cause of action; and it is further

**ORDERED** that the Amended Complaint is **DISMISSED WITHOUT PREJUDICE** as to Doe Defendants 1–10; and it is further

**ORDERED** that the Clerk shall return the matter to Magistrate Judge Stewart so that an Order can be issued regarding service by the Marshal; and it is further

**ORDERED** that the Clerk serve a copy of this Order on the Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Brenda K. Sannes
U.S. District Judge

Dated: July 1, 2019
      Syracuse, New York