UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NICHOLAS LECLAIR,

                                  Plaintiff,                  1:19-cv-0028 (BKS/DJS)

v.

SARAH RAYMOND, et al.

                                  Defendants.
_____

**Appearances:**

*Plaintiff pro se:*
Nicholas LeClair
Chestertown, New York

*For Defendants Tammy Breen, Whitney Hoerter, John Lord, Sarah Raymond, and Warren County:*
Stephen M. Groudine
Murphy Burns LLP
407 Albany Shaker Road
Loudonville, New York 12211

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.  INTRODUCTION

Plaintiff *pro se* Nicholas LeClair ("Plaintiff") commenced this action by filing a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") on January 7, 2019, and amended the Complaint once as a matter of right. (Dkt. Nos. 1, 4). Following the Court's review of this matter and the parties' motions to amend and dismiss (Dkt. Nos. 13, 17, 36, 47), which the Court granted in part and denied in part, *LeClair v. Raymond*, 19-cv-0028, 2020 WL 5027278, at *19-20, 2020 U.S. Dist. LEXIS 153977, at *59 (N.D.N.Y. Aug. 25, 2020), the following claims remain: (1) a Fourteenth Amendment substantive due process claim alleging that Defendants

Sarah Raymond, John Lord, Tammy Breen, Whitney Hoerter, and Warren County[1] interfered with Plaintiff's rights to custody of his children; and (2) a Fourth Amendment claim alleging Defendant Raymond illegally entered Plaintiff's apartment. *See generally LeClair*, 2020 WL 5027278, 2020 U.S. Dist. LEXIS 153977 (dismissing all but two claims and denying leave to amend).

Presently before the Court is Plaintiff's motion for a preliminary injunction under Federal Rule of Civil Procedure 65 seeking an order restraining Defendants "from further actions of a retaliatory nature" "towards Plaintiff and his family," in violation of the First Amendment right to petition the courts for redress of grievances.[2] (Dkt. No. 63 at 1, 33). Defendants oppose the motion. (Dkt. No. 67).

## II.    DISCUSSION[3]

### A.    Legal Standard

Rule 65 of the Federal Rules of Civil Procedure governs preliminary injunctions. A party seeking a preliminary injunction must establish that: (1) he is likely to suffer irreparable harm in the absence of preliminary relief; (2) either (a) he is likely to succeed on the merits, or (b) there are sufficiently serious questions going to the merits of its claims to make them fair ground for litigation; (3) the balance of hardships tips decidedly in his favor; and (4) a preliminary injunction is in the public interest. *Oneida Nation of N.Y. v. Cuomo*, 645 F.3d 154, 164 (2d Cir. 2011); *accord N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018).

---

[1] This action exists against Warren County as a *Monell* claim. *LeClair*, 2020 WL 5027278, at *12-13, 2020 U.S. Dist. LEXIS 153977, at *37-38.

[2] Plaintiff's motion also included a motion for a temporary restraining order and motion to proceed by Order to Show Cause, (Dkt. No. 63), both of which were denied on July 24, 2020. (Dkt. No. 64).

[3] The Court assumes familiarity with the facts set forth in *LeClair*, 2020 WL 5027278, 2020 U.S. Dist. LEXIS 153977.

"A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Bisnews AFE (Thailand) Ltd. v. Aspen Rsch. Grp. Ltd.*, 437 F. App'x 57, 58 (2d Cir. 2011) (summary order) (quoting *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009)). However, speculative, remote or future injury is not the province of injunctive relief. *Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983). Rather, a plaintiff seeking to satisfy the irreparable harm requirement must demonstrate that "absent a preliminary injunction [he or she] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Bisnews AFE (Thailand)*, 437 F. App'x at 58 (quoting *Faiveley*, 559 F.3d at 118); *Garcia v. Arevalo*, No. 93-cv-8147, 1994 WL 383238, at *2, 1994 U.S. Dist. LEXIS 8719, at *5 (S.D.N.Y. June 27, 1994) ("It is well settled that an allegation of the mere possibility of irreparable harm is insufficient to justify the drastic remedy of preliminary injunction . . . A party who seeks the extraordinary remedy of a preliminary injunction must show the alleged irreparable harm to be imminent, not remote or speculative, and the alleged injury to constitute one that is incapable of being fully remedied by monetary damages." (citations omitted)). A finding of irreparable harm cannot be based solely on past conduct. *Haden v. Hellinger*, No. 9:14-cv-0318, 2016 WL 589703 at *1, 2016 U.S. Dist. LEXIS 16593, at *3 (N.D.N.Y. Feb. 11, 2016).

  B.  **Background**

  The record reflects that on June 9, 2020, Stephen Groudine, counsel for Defendants, sent Plaintiff a letter and a disc containing discovery responses. (Dkt. No. 67, at 3). On June 11, Plaintiff received the discovery responses. (Dkt. No. 63, at 31).

Plaintiff asserts the following facts in support of his motion.[4] The day he received discovery, Plaintiff noticed a woman walking around his yard "for over 15 minutes, just hours after discovery" was received, as well as what he thought was a "Warren County DSS vehicle" parked on his property. (*Id*.). In a June 12, 2020 e-mail, Plaintiff confirmed receipt of "the initial Discovery CD and statements" from Mr. Groudine. (Dkt. No. 63, at 27). In the same e-mail, Plaintiff asked Mr. Groudine whether the vehicle in Plaintiff's driveway, and the woman walking around Plaintiff's yard, was a client of Mr. Groudine. (*Id*.).[5]

Early in the morning of June 23, 2020, Plaintiff's wife, Emily Whipple, called the police to report that her neighbor, Clifford Johnson III, was starting an altercation with Plaintiff and that "several individuals attempted property damage." (Dkt. No. 63, at 26; Dkt. No. 72, at 17). The responding officer advised Whipple that if she wished to "file a complaint for harassment against her neighbors" she could do so. (Dkt. No. 63, at 26). Later that day, Whipple signed complaints against her neighbors, Sandra Johnson and Elizabeth Graves, and Plaintiff signed a complaint against his neighbor Clifford Johnson III. (*Id*.). Two days later, on June 25, 2020, Graves stood outside Plaintiff's residence and read aloud family court orders and "CPS reports authored by the

---

[4] The "affidavit" Plaintiff submitted in support of the facts underlying his motion for a preliminary injunction, (Dkt. No. 63, at 30-34), is unsworn, and thus fails to support the motion. *See Pena-Canela v. Searls*, 18-cv-00949, 2018 WL 5519561, at *3, 2018 U.S. Dist. LEXIS 184914, at *6 (W.D.N.Y. Oct. 29, 2018) (preliminary injunction cannot be granted where plaintiff has "impermissibly relied solely on [] unsworn allegations"). As discussed below, even if it were properly sworn, it would not provide a basis for relief.

[5] Plaintiff states that the white vehicle parked in his driveway the day that discovery was delivered is a four door SUV crossover, with the driver's door reading "Warren County Department of Social Services ACS" and that the same vehicle was parked at Plaintiff's neighbors on June 22, 2020, preceding Plaintiff and his wife filing harassment charges against his neighbors. (Dkt. No. 72, at 29). Plaintiff's wife, Emily Whipple, states that on several instances, including June 11, 2020 and June 22, 2020, she "witnessed this White SUV, whether 2 doors or four doors, parked at the neighbor Ms. Graves' house or in our yard" and that the "[d]ecal on the drivers [*sic*] door unequivocally read, 'Warren County Department of Social Services, ACS.'" (Dkt. No. 72, at 34). Plaintiff submitted a picture of the vehicle as Exhibit 4. (Dkt. No. 63, at 28). Defendant Department of Social Services Supervisor Breen filed a sworn affidavit stating that "Warren County Department of Social Services only has one white vehicle in its fleet. That one white vehicle is a four-door sedan, not a two-door vehicle as depicted in [P]laintiff's photograph. The owner and occupier of the white vehicle pictured in Exhibit '4' is unknown to me. It is not a Warren County Department of Social Services ('DSS') vehicle." (Dkt. No. 67-3, at 1).

4

defendants in this case." (Dkt. No. 72, at 18). Plaintiff states "on information and belief," that Defendants "provided the Confidential information to the neighbors in a despicable act of retaliation." (Dkt. No. 63, at 32).[6]

On July 5, 2020, Plaintiff called the police to report that a man was pointing what appeared to be "some kind of long gun" near the direction of Plaintiff's residence. (Dkt. No. 63, at 23). Plaintiff confronted the man, who identified himself as an employee of Circle B Ranch and said that he was given permission to shoot groundhogs nearby. (*Id*.). Plaintiff explained that he did not want the man pointing a gun in the direction of his residence. (*Id*.) Trooper J. Riehl spoke with both Plaintiff and the man, later identified as Thomas K. Cahill, on the phone. (*Id*.). Trooper Riehl advised Thomas Cahill to "find a better wa[y] to rid the property of groundhogs" and advised Plaintiff that it did not appear a crime was committed. (*Id*.). Plaintiff stated he thought this was "the landlords [*sic*] way of sending a message." (*Id*.). Plaintiff stated "on information and belief, Thomas Cahill is related to Defendant Terra Cahill,"[7] (*Id*. at 33), and that Cahill's presence at Plaintiff's house was to retaliate "for the lawsuit against his relative" and "to run Plaintiff" out of his home. (*Id*. at 11).[8]

### C.   Plaintiff's Motion

Plaintiff seeks an Order: (1) enjoining Defendants from disclosing information subject to the Protective Order entered in this case;[9] (2) enjoining Defendants and "certain third parties"

---

[6] Mr. Groudine and Defendant Department of Social Services Supervisor Breen have filed sworn affidavits stating that the disclosure of confidential information did not originate from Mr. Groudine's office or from Ms. Breen. (Dkt. 67, at 3; Dkt. 67-3, at 2).

[7] Terra Cahill was formerly a defendant in this action, but was dismissed on August 25, 2020. *LeClair*, 2020 WL 5027278, at *19-20, 2020 U.S. Dist. LEXIS 153977, at *59.

[8] Defendants have submitted sworn affidavits from: Terra Cahill stating that she is "not related to Thomas Cahill and does not know any individual by that name"; and Mr. Groudine stating that he does not know Thomas Cahill. (Dkt. No. 67-4; Dkt. No. 67, at 3).

[9] On June 3, 2020, United States Magistrate Judge Daniel J. Stewart issued a Protective Order "to facilitate the production of confidential information." (Dkt. No. 60).

5

from "destroying or concealing documents currently being withheld and retained by Defendants"; (3) enjoining Defendants from a "policy of retaliation"; (4) enjoining Defendants from "using the Defendant Municipality's Public Officials from issuing cruel and unusual punishments to retaliate"; and (5) enjoining Defendants from using law enforcement to retaliate. (Dkt. No. 63, at 2). Plaintiff generally argues that Defendants have encouraged or ordered third parties, such as Graves and Thomas Cahill, to harass Plaintiff in retaliation for filing a lawsuit against them. (Dkt. No. 72, at 11, 13).

Defendants oppose Plaintiff's motion, contending that Plaintiff seeks relief based on actions taken by third parties that "he believes, 'on information and belief,' were orchestrated by the defendants," but has put forth no evidence suggesting that Defendants played any role in the third parties' actions. (Dkt. No. 67-2, at 5). Defendants note that Plaintiff did not include in his motion the alleged video of Graves orally disclosing confidential information; Plaintiff has not described "precisely what confidential material was disclosed to Ms. Graves"; and Plaintiff has not established "any link between Ms. Graves and the County/its employees beyond mere speculation." (*Id*. at 6). Defendants further argue that Plaintiff has failed to allege any imminent future harm. (*Id*.).[10]

### D. Analysis

#### 1. Restraining Violation of the Protective Order

A court may enforce a protective order by enjoining non-parties "who are in active concert or participation" with the parties from disseminating information covered by the

---

[10] Plaintiff has submitted a reply in which he, inter alia, objects to discovery provided by Defendants and raises new issues, such as the abuse his children allegedly suffered on February 23, 2020. (Dkt. No. 72). The Court does not address any new issue here. Although Plaintiff has requested injunctive relief regarding document destruction and concealment, Plaintiff did not make any allegations of document destruction or concealment in his initial motion. To the extent Plaintiff has concerns regarding discovery, he must follow the appropriate procedures for discovery disputes. *See* N.D.N.Y. Local Rule 7.1(d).

...
...

protective order. *Eli Lilly & Co. v. Gottstein*, 617 F.3d 186, 195 (2d Cir. 2010) (citing Fed. R. Civ. P. 65(d)(2)); *see also Hunt v. Enzo Biochem, Inc.*, 904 F. Supp. 2d 337, 344 (S.D.N.Y. 2012). A court, however, "has no power to enjoin 'those who are acting independently of the enjoined party and whose own rights have not been adjudged." *Hunt*, 904 F. Supp. 2d at 344 (quoting *Eli Lilly & Co.*, 617 F.3d at 195) (holding that court had jurisdiction to enjoin a non-party under a pre-existing protective order where non-party was aware he had retrieved confidential files subject to a protective order).

Here, Plaintiff seeks to enjoin Defendants from "disclosing any Protected information under the Protective Order," specifically to prevent Defendants from disseminating confidential information to his neighbors. (Dkt. No. 63, at 2). Plaintiff, however, has not provided evidence that any Defendant in this matter disseminated confidential information or otherwise breached the Protective Order.

Plaintiff argues that Defendants "have utilized private confidantes neighboring the Plaintiffs . . . to harass Plaintiffs, specifically through reciting entire Confidential Court Orders." (Dkt. No. 63, at 14). Plaintiff also argues that a Warren County Department of Social Services worker "who frequents and attends parties with neighboring tenants, had given confidential information to non-parties to embarrass the Plaintiff." *Id*. But there is no evidence to support this speculation. Even assuming that Graves read from family court orders and CPS reports that are within the scope of the Protective Order in this case, there is no evidence that any of the Defendants were involved in the dissemination of these documents. Nor has Plaintiff provided evidence that Graves, or any other non-party who had actual notice of the Protective Order, proceeded to violate it. Therefore, the Court cannot grant injunctive relief against non-parties.

Plaintiff's allegations amount to speculation, which is insufficient to support a claim of irreparable harm. *Caldwell Mfg. Co. North America, LLC v. Amesbury Grp., Inc.*, No. 11-cv-6183T, 2011 WL 3555833, at *4, 2011 U.S. Dist. LEXIS 89447, at *13 (W.D.N.Y. Aug. 11, 2011) (declining to issue a preliminary injunction for "speculative" and "conclusory allegations" "unsupported by any evidence"); *Energy Nuclear Vermont Yankee, LLC v. Shumlin*, No. 11-cv-99, 2011 WL 2811317, at *7, 2011 U.S. Dist. LEXIS 78503, at *24-25 (July 18, 2011) (declining to issue a preliminary injunction where Plaintiffs "presented no evidence, other than conclusory assertions" and "speculation"); *cf. Testing Servs., N.A. v. Pennisi*, 443 F. Supp. 3d 303, 331 (E.D.N.Y. 2020) (concluding that the plaintiff's submission of evidence showing that the individual defendants were disseminating trade secrets to one of its competitors in violation of agreement was sufficient to show a likelihood of irreparable harm absent a preliminary injunction).

Additionally, Plaintiff's only assertion regarding future harm is that an injunction is necessary to "curtail further breaches." (Dkt. No. 63, at 16). Bare allegations of future injury without more do not establish a real threat of actual injury. *Slacks v. Gray*, No. 9:07-cv-0510, 2008 WL 2522075, at *1, 2008 U.S. Dist. LEXIS 48926, at *2 (N.D.N.Y. June 25, 2008) (citing *Garcia*, 1994 WL 383238, at *2, 1994 U.S. Dist. LEXIS 8719, at *2 ("Even if Plaintiff successfully shows that such beatings actually took place . . . this Court may not rest a finding of likelihood of future harm by granting a preliminary injunction based solely on past, illegal conduct.")). Plaintiff's request to enjoin disclosures of information protected by the Protective Order is therefore denied.

### 2. Restraining Retaliation

Plaintiff's request to enjoin retaliation in violation of the First Amendment must also be denied because the injury sought to be prevented is unrelated to the injuries alleged in the

Case 1:19-cv-00028-BKS-DJS   Document 99   Filed 10/23/20   Page 9 of 10

complaint. "To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Candelaria v. Baker*, No. 00-cv-0912, 2006 WL 618576, at *3, 2006 U.S. Dist. LEXIS 13238, at *9 (W.D.N.Y. Mar. 10, 2006) (citations omitted). "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997); *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010); *Devose v. Harrington*, 42 F.3d 470, 471 (8th Cir. 1994).

The surviving claims in Plaintiff's Second Amended Complaint are Fourteenth Amendment substantive due process violations under Section 1983 for alleged interference with the Plaintiff's rights to custody of his children and a Fourth Amendment claim for illegal entry into Plaintiff's apartment. *LeClair*, 2020 WL 5027278, at *19-20, 2020, U.S. Dist. LEXIS 153977, at *59. Plaintiff seeks injunctive relief in connection with a First Amendment retaliation claim. (Dkt. No. 63, at 2). As the Court previously dismissed Plaintiff's First Amendment retaliation claim, *LeClair*, 2020 WL 5027278, at *18-19, 2020 U.S. Dist. LEXIS 153977, at *54-58, and Plaintiff fails to establish a relationship between the injury claimed in the present motion and the conduct giving rise to his substantive due process and illegal entry claims, Plaintiff's request for relief is denied. *See Farah v. Richeson*, 19-cv-01247, 2019 WL 4201066, at *2, 2019 U.S. Dist. LEXIS 151166, at *4 (D. Conn. Sept. 5, 2019) (denying injunctive relief where the motion for a preliminary injunction raises retaliation claims "legally and factually distinct" from claims in the complaint).

To the extent that Plaintiff also seeks injunctive relief against unnamed "Public Officials in the Judicial systems of Warren County," law enforcement "branches of Warren County and

9

N.Y. State," his neighbors, and "third party confidantes," none of whom are defendants in this action, from retaliating against him, the Court could not grant such relief. Injunctive relief is available against non-parties only under very limited circumstances, none of which are present here. *See* Fed. R. Civ. P. 65(d)(2); *Doctor's Assocs., Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *see also In re Rationis Enters., Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.").

Even if injunctive relief was available to enjoin retaliation, Plaintiff's motion would fail for the same reasons his motion to enjoin violations of the Protective Order fails: he has failed to provide evidence of Defendants' connection to the alleged retaliatory conduct, beyond speculation, and failed to show a likelihood of either future harm or continuing harm.

### III. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion seeking preliminary injunctive relief (Dkt. No. 63) is **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated:  October 23, 2020
         Syracuse, New York

Brenda K. Sannes
U.S. District Judge

10