UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

NICHOLAS J. LECLAIR,

                                Plaintiff,                1:19-cv-28 (BKS/DJS)

v.

SARAH RAYMOND, in her individual capacity,

                                Defendant.

**Appearances:**

*Plaintiff pro se:*
Nicholas J. LeClair
Oil City, PA 16301

*For Defendant:*
Stephen M. Groudine
Murphy Burns LLP
407 Albany Shaker Road
Loudonville, NY 12211

**Hon. Brenda K. Sannes, Chief United States District Judge:**

MEMORANDUM-DECISION AND ORDER

**I.     INTRODUCTION**

Plaintiff Nicholas LeClair brought this action under 42 U.S.C. § 1983 against various Defendants asserting, among others, a claim that Defendant Sarah Raymond violated his Fourth Amendment rights by entering his residence and searching the curtilage of his residence without permission on August 14, 2018. The Fourth Amendment claim against Defendant proceeded to a jury trial which was held from January 31, 2022 to February 1, 2022. The jury returned a verdict finding that Plaintiff failed to prove his Fourth Amendment claim, and the Court entered judgment in favor of Defendant Raymond. (Dkt. Nos. 229, 330).

Plaintiff filed a Notice of Appeal. (Dkt. No. 237).[1] Presently before the Court is Defendants' motion for an order under Federal Rule of Appellate Procedure 10(b)(3)(C) requiring Plaintiff to order additional transcripts for the record on appeal. (Dkt. No. 260). Plaintiff opposes Defendants' motion. (Dkt. No. 261). For the following reasons, Defendants' motion is granted in part.

## II.   DISCUSSION

Federal Rule of Appellate Procedure 10 governs the record on appeal and provides that "[u]nless the entire transcript is ordered . . . the appellant must—within 14 days . . .—file a statement of the issues that the appellant intends to present on the appeal." Fed. R. App. P. 10(b)(3)(A). In the event "the appellee considers it necessary to have a transcript of other parts of the proceedings, the appellee must, within 14 days after the service of the order or certificate and the statement of the issues, file and serve on the appellant a designation of additional parts to be ordered." Fed. R. App. P. 10(b)(3)(B). If the appellant does not "order[] all such parts" requested, "the appellee may . . . either order the parts or move in the district court for an order requiring the appellant to do so." Fed. R. App. P. 10(b)(3)(C).

After filing a notice of appeal, Plaintiff ordered the transcript of (1) the direct examination and re-direct examination of his wife, Emily Whipple; (2) the "Preliminary Rulings before Jury Selection"; (3) Plaintiff's testimony regarding Exhibit P-56; and (4) the jury instructions. (Dkt. No. 256, at 1). Plaintiff simultaneously filed a statement of issues to be presented on appeal. (Dkt. No. 256-1). With respect to the trial, Plaintiff indicated that the issues on appeal included: (1) whether the jury made "an unreasonable decision in light of the evidence that Defendant did not commit a 'Jardines violation' of the curtilage at the Plaintiff's home"; (2)

---

[1] Plaintiff's appeal concerns additional claims and defendants that were dismissed at the summary judgment stage. The motion presently before the Court involves only the transcript from the jury trial.

2

whether the Court erred in "denying both intrinsic and extrinsic evidence at *In Limine* hearing and during the trial"; and (3) whether the Court erred in "delivering its Jury Instructions." (*Id.*).

On September 7, 2022, following receipt of Plaintiff's Statement of Issues and considering "it necessary to have a transcript of other parts of the proceedings," Defendants filed and served a "designation of additional parts [of the trial transcript] to be ordered" under Fed. R. App. P. 10(b)(3)(B). (Dkt. No. 257). Plaintiff did not respond to Defendants' designation, and, on September 22, 2022, Defendants filed a motion to compel Plaintiff to order "a transcript of the entire two-day trial for the pending appeal." (Dkt. No. 260). Defendants argue that the three issues on appeal identified above require "inclusion of the entirety of the trial transcript" because the Court of Appeals will need to review "the totality of the evidence presented to the jury" to resolve the issues. (*See generally id.*).

Plaintiff opposes Defendants' motion, arguing that he has "already ordered and purchased the majority of the minutes, and all parts the 'Appellant deemed necessary'" and requesting that Defendants be ordered to furnish any additional portions of the trial transcript the Court deems necessary. (*See generally* Dkt. No. 261). Plaintiff also submitted an updated Statement of Issues, dated September 2, 2022, which removes the issue of whether the Court erred in instructing the jury. (Dkt. No. 261-2).

"Rule 10(b)(1) of the Federal Rules of Appellate Procedure imposes on the appellant the duty to order trial transcripts." *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000). "The plaintiff's failure to provide the[ ] [relevant] transcripts deprives [the Circuit Court] of the ability to conduct meaningful appellate review." *Id.*; *see also Reape v. Berrios*, 514 F. App'x 25, 25–26 (2d Cir. 2013) (summary order) (dismissing pro se appeal for failure to provide "relevant transcripts," explaining that it "deprives [the Circuit Court] of the ability to conduct meaningful

3

appellate review." (citing *Wrighten*, 232 F.3d at 120; *Gayle v. Walker*, 148 F.3d 214, 214 (2d Cir. 1998))).

Having reviewed Defendants' request and Plaintiff's opposition, the Court concludes that the issues Plaintiff intends to raise on appeal implicate most of the transcripts Defendants seek to have ordered. First, whether the jury's determination that Defendant did not commit a Fourth Amendment violation by entering the curtilage of Plaintiff's home was "unreasonable . . . in light of the evidence" will require the Circuit Court to review the totality of the evidence presented to the jury on this issue. *See* Fed. R. App. P. 10(b)(2) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion."). At a minimum, to enable meaningful appellate review, the Second Circuit will require the entire testimony of the three fact witnesses. *Wrighten*, 232 F.3d at 120; *see Nicholas v. City of Binghamton, N.Y.*, No. 10-cv-1565, 2014 WL 2967688, at *2–3, 2014 U.S. Dist. LEXIS 89172, at *6–9 (N.D.N.Y. July 1, 2014) (granting the defendants' motion to direct the plaintiff "to obtain copies of additional testimony" for the record on appeal because "the material sought to be added to the record on appeal by the Defendants is relevant and material to the issues raised by the Plaintiff").

Moreover, Plaintiff's second issue on appeal—whether the Court erred in "denying both intrinsic and extrinsic evidence at *In Limine* hearing and during the trial"[2]—necessitates inclusion of the entire trial transcript, except for the charge conference and jury instructions. Although Plaintiff argues that he has ordered the entire transcript of the final pretrial conference, at which the Court ruled on the parties' motions in limine and Plaintiff asserts he preserved all

---

[2] In a subsequent submission, Plaintiff altered the language of this issue on appeal to read: "Did the district court err when denying both intrinsic and extrinsic evidence at the 1/21/22 *In Limine* hearing and during the course of trial (1/31/22–2/1/22)?" (Dkt. No. 261-2, at 1).

evidentiary objections, (*see* Dkt. No. 261, at 2), the stated issue on appeal refers to all evidentiary decisions made throughout the course of the two-day trial. Because Plaintiff has not articulated with any greater specificity which evidentiary rulings he seeks to challenge, meaningful appellate review will require the entirety of the trial transcript. However, because Plaintiff has represented that he no longer intends to raise an issue on appeal with respect to the Court's jury instructions, the Court denies Defendants' motion for an order compelling Plaintiff to order that portion of the trial transcript or the charge conference.

Finally, Plaintiff has requested that Defendants be required to furnish any portions of the transcript which he has not already ordered, citing his status as an in forma pauperis litigant. (*See, e.g.*, Dkt. No. 261, at 1, 3). However, Rule 10(b)(1) "imposes on the *appellant* the duty to order trial transcripts," *Wrighten*, 232 F.3d at 120 (emphasis added), and Rule 10(b)(3)(C) contemplates an order requiring the appellant to order any additional portions of the transcript which are necessary for meaningful appellate review.

### III.   CONCLUSION

For these reasons, it is hereby

ORDERED that Defendants' motion to compel Plaintiff to order transcripts of the entire trial for appeal (Dkt. No. 260) is **DENIED** with respect to the transcripts of the charge conference and jury instructions and otherwise **GRANTED**; and it is further

ORDERED that Plaintiff is directed to order the entirety of the trial transcript except for those portions already ordered and the charge conference and jury instructions.

IT IS SO ORDERED.

Dated: October 12, 2022
       Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge