UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

NICHOLAS J. LeCLAIR,

                              Plaintiff,                1:19-CV-0028
                                                               (BKS/DJS)
     v.

SARAH RAYMOND, et al.,

                              Defendants.

---

APPEARANCES:                                          OF COUNSEL:

NICHOLAS J. LeCLAIR
Plaintiff, pro se
P.O. Box 1426
Oil City, PA 16301

MURPHY BURNS LLP                          STEPHEN M. GROUDINE, ESQ.
Attorneys for Defendants Raymond,
Breen, Lord, Hoerter, and Warren County
407 Albany Shaker Road
Loudonville, NY 12211

BRENDA K. SANNES
Chief United States District Judge

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

Plaintiff Nicholas LeClair commenced this civil rights action on behalf of himself and his minor children by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Complaint"); Dkt. No. 2 ("IFP Application"). Thereafter, plaintiff filed an amended complaint as of right wherein he asserted Section 1983 claims against Warren County and Warren

County Department of Social Services ("DSS") employees Tammy Breen, Terra Cahill, Danielle Colon, Whitney Hoerter, John Lord, and Sarah Raymond, among others. Dkt. No. 4 ("Am. Compl.").

By Report-Recommendation and Order entered on March 21, 2019, the Honorable Daniel J. Stewart recommended that certain of Plaintiff's Section 1983 claims against Defendants Raymond, Colon, Lord, Breen, Cahill, Hoerter and Warren County be allowed to proceed in this action, and other claims be dismissed, including all claims asserted on behalf of Plaintiff's two infant children. Dkt. No. 7. By Memorandum-Decision and Order entered on July 1, 2019, this Court adopted the Report-Recommendation and Order. Dkt. No. 12.

On August 25, 2020, this Court entered a Memorandum-Decision and Order dismissing Plaintiff's Fourteenth Amendment claims against Defendants Cahill and Colon, and granting him another opportunity to amend and serve a Second Amended Complaint clarifying his Due Process claims against Defendants Raymond, Hoerter, Lord, Breen, and Warren County. Dkt. No. 73. The Second Amended Complaint was filed on the docket on August 27, 2020. *See* Dkt. No. 75.[1]

After the close of discovery, the parties filed dispositive motions with respect to the remaining claims, and moved to seal and unseal certain documents filed in connection with the dispositive motions. *See generally*, Docket Sheet. By Memorandum-Decision and Order entered on June 30, 2021, this Court denied Plaintiff's motion for partial summary judgment, granted Defendants' motion for summary judgment in part, and ordered that certain

---

[1] A detailed recitation of the claims set forth in Plaintiff's Second Amended Complaint is contained in this Court's Memorandum-Decision and Order entered on August 25, 2020, and will not be restated herein.

documents be sealed from public viewing. *See* Dkt. No. 172 ("June 2021 Order").[2] As a result of the June 2021 Order, the only claim that remained in this action was Plaintiff's claim that Defendant Sarah Raymond violated his Fourth Amendment rights by entering his residence and searching the curtilage of his residence without permission on August 14, 2018. *Id*.

Plaintiff's Fourth Amendment claim against Defendant Raymond proceeded to a jury trial, which was held from January 31, 2022 to February 1, 2022. The jury returned a verdict finding that Plaintiff failed to prove his Fourth Amendment claim, and the Court entered judgment in favor of Defendant Raymond. Dkt. Nos. 229, 330. Thereafter, Plaintiff filed a Notice of Appeal with respect to the dismissal of the Fourth Amendment claim against Defendant Raymond and additional claims and Defendants that were dismissed at the summary judgment stage. Dkt. No. 237.

Presently before the Court is Plaintiff's letter request to unseal certain documents on appeal that the Court ordered sealed in the June 2021 Order. *See* Dkt. No. 271. Counsel has opposed Plaintiff's request, and proposed that the sealed documents that Plaintiff seeks to unseal instead be provided to the Second Circuit Court of Appeals in a sealed appendix. Dkt. No. 272.[3]

---

[2] This docket entry refers to the publicly filed, redacted version of the Decision and Order. The unredacted, sealed version of the Decision and Order is Dkt. No. 171.

[3] The law is well-settled that when a district court has original jurisdiction over a civil action, "it retains ancillary jurisdiction after dismissal to adjudicate collateral matters such as attorney's fees." *In re Austrian & German Bank Holocaust Litig.*, 317 F.3d 91, 98 (2d Cir. 2003). This grant of ancillary jurisdiction empowers the district court to "take actions necessary 'to manage its proceedings, vindicate its authority, and effectuate its decrees.'" *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015) (quoting *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 380 (1994)). Consistent with this authority, the Eighth Circuit has held that a district court retains jurisdiction to "consider whether to unseal the record" even after a party files "a notice of appeal ... challenging the grant of summary judgment." *FutureFuel Chem. Co. v. Lonza, Inc.*, 756 F.3d 641, 648 (8th Cir. 2014) (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 189 n.\* (4th Cir. 1988)). Thus, the Court

## II.   DISCUSSION

Rule 25(a)(5) of the Federal Rules of Appellate Procedure provides, in pertinent part, as follows:

> An appeal in a case whose privacy protection was governed by . . . Federal Rule of Civil Procedure 5.2 . . . is governed by the same rule on appeal. In all other proceedings, privacy protection is governed by Federal Rule of Civil Procedure 5.2, except that Federal Rule of Criminal Procedure 49.1 governs when an extraordinary writ is sought in a criminal case.

Fed. R. App. P. 25(a)(5).[4]

In the June 2021 Order, this Court addressed, in detail, the documents that were the subject of the parties' sealing requests, the relevant legal standard governing access to, and the sealing of, judicial documents, and the reasons why it was appropriate to seal the documents that Plaintiff now seeks to unseal. *See* June 2021 Order at 53-58.[5] As Defendant Raymond's counsel correctly notes, Plaintiff's letter request to unseal these documents is akin to a request for reconsideration of the sealing determinations in the June 2021 Order. Yet Plaintiff has failed to offer any evidence showing that (1) there has been an intervening change in controlling law, (2) new evidence not previously available exists and shows that previously sealed documents are already part of the public record, or (3) the Court's prior ruling was legally incorrect, or will result in a manifest injustice to Plaintiff in his

---

assumes, for purposes of this Decision and Order, that it retains ancillary jurisdiction to decide Plaintiff's request.

[4] Rule 5.2 of the Federal Rules of Civil Procedure concerns the protection of private information, and gives the district authority to order that documents be filed under seal without redaction, or redacted and filed for the public record.

[5] Plaintiff's letter request does not identify the specific documents he wishes to have unsealed, but does indicate that the documents relate to the summary judgment record. *See* Dkt. No. 271 at 1-2. Plaintiff also states in his letter that he will, if the Court desires, send an email to chambers identifying "the exact records requested to be unsealed for the review on Appeal." *Id*. at 3-4.

appeal efforts. *See Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)); *see also Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (noting that a motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided"). Instead, Plaintiff simply states in his letter that a strong public interest exists for unsealing the sealed documents, and he consents to the public filing of the sealed documents "associated with Social Service investigations within New York[,]" and "waives" all privacy protections that formed the basis of Defendants' prior motion to seal. *See* Dkt. No. 271. Plaintiff's consent, however, does not (and cannot) extend to private information related to his infant children, his wife, and other non-parties, which appears on the documents that are currently sealed, as discussed more fully in the June 2021 Order.

Accordingly, and for the reasons stated in the June 2021 Order, Plaintiff's request that this Court unseal documents that it previously ordered sealed is denied without prejudice to any similar request Plaintiff may wish to make with the Second Circuit Court of Appeals.[6]

### III. CONCLUSION

**ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's letter request to unseal certain previously sealed documents (Dkt. No. 271) is **DENIED without prejudice** as set forth above; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance

---

[6] Local Rule 25.1(j)(2) of the Court of Appeals for the Second Circuit pertains to sealed documents, and provides as follows: "A sealed document or a document that is the subject of a motion to seal is exempt from the electronic filing requirement and must be filed with the clerk in the manner the court determines. Within 7 days after the sealed document is filed, a redacted version of the document must be electronically filed on the docket, unless the court orders otherwise."

5

with the Local Rules.

**IT IS SO ORDERED**.

Dated: December 27, 2022
      Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge